IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUFUS GRAYER, NAOMI GRAYER, DARIS   )
WILLIAMS, TASHA R. GRAYER, and JANET  )
D. RICHARDSON,                            )        No. 06 C 1997
                                      )
       Plaintiffs                )
                                      )
       v.                      )        Magistrate Judge Maria Valdez
                                        )
DAVID GREENWOOD, et al.            )

       Defendants

## MEMORANDUM OPINION AND ORDER

The issue before this Court concerns discovery requests by Plaintiffs to delve into the reliability of a confidential informant's information conveyed to defendant Officer Purkiss (hereinafter "Purkiss") and relied upon in procuring a search warrant. Specifically, Plaintiff moves to compel Purkiss to reveal the confidential informant's identity, to require Purkiss to answer deposition questions on the informant and to take the deposition of the judicial officer who signed the search warrant. [Doc No. 75].

## BACKGROUND

### The Search Warrant

On November 11, 2004, a judicial officer for the Circuit Court of Cook County signed a warrant to search the premises located at 3340 W. Douglas, 2nd Floor of a brick two-flat residence in Chicago. The search warrant listed Levarus Grayer as the probable occupant of the residence and possession of weapons as the probable offense. Most of the information detailed

in the affidavit in support of the warrant came from a confidential informant, or as Purkiss calls

him a "John Doe."  According to the search warrant affidavit, the confidential informant told

defendant Purkiss that the one day prior the informant had been at the 3340 W. Douglas, 2nd

Floor location, had met with Levarus Grayer at that location and was shown weapons by Grayer.

In addition to this information, Purkiss checked the criminal history of Grayer and determined

that Grayer had used the address on the warrant as his residence in the past.  Purkiss also drove

by the location and verified its existence.  Purkiss used this information in his affidavit in

support of the warrant.  Before signing the warrant the judicial officer personally questioned the

informant.

　　　　The warrant was subsequently executed at 3340 W. Douglas, 2nd Floor, but neither

weapons nor Levarus Grayer were found in the 2nd floor apartment.  In addition to the search of

the 2nd Floor apartment, Plaintiffs allege that defendants undertook a search of the 1st Floor unit

and the basement area.


**The Invocation of the Informer's Privilege**

　　　　On March 8, 2007, Plaintiffs took the deposition of Purkiss.[1]  At the deposition, Purkiss

refused to answer a number of questions relating to the confidential informant by invoking the

doctrine of "informer's privilege." According to the Plaintiffs, the Purkiss refused to answer

deposition questions concerning both the identity of the informant and the reliability of the

---

[1]  Discovery was set to close in this case on April 2, 2007.  Although this Court has recently allowed a limited extension of discovery beyond the April 2, 2007 date, the present motion was not filed with this court until May 7, 2007, two months after the Purkiss deposition and one month after the close of discovery.  While Plaintiffs' counsel had generally alluded to the Court some issues surrounding the Purkiss deposition during various hearings occurring in March and April, no formal motion had been made by Plaintiffs on this matter until May 7.

informant.  Defendants assert that any further questioning of Purkiss on the details of his interaction with the informant would disclose the informer's identity.  Plaintiffs move to compel Purkiss to answer questions on both the informant's identity and the reliability of the informant as relevant to what Purkiss knew at the time he applied for the warrant and whether the confidential informant's information was sufficiently reliable.

Although Purkiss refused to answer certain questions, he did provide some information on the confidential informant. Through discovery, Plaintiffs received the application for the search warrant including the Purkiss affidavit.  Also, Plaintiffs are aware that Purkiss testified that the informant was new to him – that he had not used the informant before or since.  (Plts.' Mem., Ex. C, 69:13-15).   Plaintiffs were also advised that the judicial officer personally questioned the informant before signing the search warrant.

According to Plaintiffs, Levarus Grayer did not reside at the warrant location.  This, coupled with the fact that no weapons were found in the apartment, suggests to the Plaintiffs that the informant was unreliable.  As a result, Plaintiffs move to compel Defendants to reveal the identity of the informant, to question Purkiss on the reliability of the informant and to take the deposition of the judicial officer who signed the warrant.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 26 provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). As an initial matter, therefore, all relevant material is discoverable unless an applicable evidentiary privilege is asserted.  Here, Defendants have invoked the "informer's

privilege" which provides a limited privilege for law enforcement to withhold disclosure of an informer's identity. *Roviaro v. United States*, 353 U.S. 53, 60 (1957). In *Roviaro*, the Supreme Court addressed the public interest in protecting the identity of confidential informants in order to encourage the flow of information necessary in criminal prosecutions. *Id.* at 59. The Court expressly limited the scope of this privilege and held that the interest in anonymity must give way when disclosure "is essential to the fair determination of a cause." *Id.* at 61. Although *Roviaro* considered the issue in the criminal context, the analysis applies in the civil context as well. *Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir.1985). Further, the Seventh Circuit has cautioned that "[i]n civil cases the privilege, which limits the right of disclosure usually called for by the Federal Rules of Civil Procedure, is arguably greater . . . since not all constitutional guarantees which inure to criminal defendants are similarly available to civil defendants." *Dole v. Local 1942, IBEW*, 870 F.2d 368, 372 (7th Cir. 1989) (internal citations omitted).

Defendants may rely upon this privilege without making any preliminary showing to assert the privilege. *Id.* The Plaintiffs may overcome the privilege upon a showing that their need for the information outweighs the government's entitlement to the privilege. *Id.* at 372-73. The confidential informant privilege "will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may prove useful." *Id.* at 373.

Thus, Plaintiffs have a crucial burden. They attempt to overcome the privilege in order to "seek discovery of the reliability and veracity of the informant and the information he allegedly gave, in order to be able to further pursue [Plaintiffs'] claim that the police had 'reckless disregard for the truth' when submitting the affidavit to the court in support of a search warrant." (Pls.' Mem. 7). In this case, Plaintiffs are challenging the validity of the search warrant. In order

4

to do so, Plaintiffs must overcome the presumption of validity of the search warrant and show that the affiant, officer Purkiss, knowingly and intentionally, or with reckless disregard for the truth, made a false statement in the affidavit and that the false statement was necessary to the finding of probable cause. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

Plaintiffs are trying to make the preliminary showing required by *Franks* by learning in discovery the identity of the informant and to probe into the reliability of the informant. Although Plaintiffs have been able to glean through documents and depositions information the confidential informant may have provided to law enforcement they seek more. In short, Plaintiffs believe that the "information the informant allegedly gave Purkiss was suspect" because the informant was new to Purkiss and Purkiss refused to answer deposition questions "as to how Purkiss knew the informant or how the informant knew Levarus Grayer." (Pls.' Mem. 2).

This Court is not addressing whether the Plaintiffs have met the *Franks* standard to challenge the search warrant. This Court's role is determining whether, in light of the *Franks* analysis, the informer's privilege should fall away. This is so because the only way to overcome the privilege is to show that the need for the information outweighs the government's entitlement to the privilege. *Dole,* 870 F.2d at 372. Plaintiffs seek discovery of the informer's identity to build the information necessary to meet the *Franks* standard and challenge the sufficiency of the warrant. And normally they would be entitled to discovery that may lead to relevant information. But the informer's privilege is a stumbling block they must hurdle before discovery can be had. Plaintiffs have not offered any specific justification for this Court to dispense with the privilege.

**Disclosure of the Informer's Identity**

Primarily, Plaintiffs have not shown why access to the informant's identity would lead to relevant information. The inquiry under *Franks* focuses on the knowledge of the affiant officer when the affidavit in support of the search warrant was made. As set forth in *Franks*, before a challenge can be made to the affidavit, "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth . . ." *Franks,* 439 U.S. at 171.

Courts do not allow disclosure of an informant's identity merely because it may be relevant, instead the Supreme Court has adopted a balancing test to balance "the public interest in protecting the flow of information against the individual's right to prepare his [case]." *Roviaro*, 353 U.S. at 62. In *U.S. v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994), the Seventh Circuit considered the *Roviaro* balancing test and directed that the party seeking the informant's disclosure has the burden of showing that the need for the informer's identity outweighs the public's interest in effective law enforcement. *See also United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993).

In support of disclosure, Plaintiffs pointed to the untested nature of the informant and the fact that the search was ultimately unsuccessful. Whether an informant is untested, may very well be relevant to a dispositive determination in this case. But Defendants do not deny this fact so further discovery is not probative. As for the unsuccessful search for weapons, this is also not relevant to the issue at hand. As stated by the Seventh Circuit, in *Beauchamp v. City of Noblesville*, 320 F.3d 733, 742-43 (7th Cir. 2003) "[i]n determining whether information submitted to a judicial officer in support of a warrant application was sufficient to establish probable cause, we look only at what the officer knew at the time he sought the warrant, <u>not at</u>

how things turned out in hindsight." Citing *Hebron v. Touhy*, 18 F.3d 421, 423 (7th Cir.1994) (emphasis added).

Plaintiffs already know from discovery that Purkiss had not used the informant in the past. And Plaintiffs have access to a complete copy of the affidavit and search warrant. To overcome the informer's privilege Plaintiffs must demonstrate more than suspicion that Purkiss lied or was recklessly in disregard for the truth. What has been offered by the Plaintiffs does not come close to those circumstances where courts have allowed the privilege to fall by the wayside. *See Hampton v. Hanrahan*, 600 F.2d 600, 637-39 (7th Cir. 1979), *rev'd on other grounds*, 446 U.S. 754 (1980) (the informer's privilege pierced upon a showing of objective evidence that the very existence of the informer was called into question thus taking the matter outside the realm of mere speculation); *Krauser v. Scalise*, 1989 WL 158006, *4-6 (N.D.Ill. Dec. 21, 1989) (inconsistent description of an alleged informer in prior affidavits cited by defendants is sufficient information to raise a question as to the actual existence of the informer).

In light of the burden placed on Plaintiffs, there has been insufficient showing that the "identification of the informant or of a communication is essential to a balanced measure of the issues and the fair administration of justice." *Dole*, 870 F.2d at 372.[2]

---

[2] Likewise, Plaintiffs have not shown how the deposition of the judicial officer who signed the warrant would impart any relevant information. While Plaintiffs' motion asks this Court to compel the judicial officer's deposition, they fail to substantiate this request in their memorandum in support of the motion. As such, it will be denied.

<u>**Disclosure of Information Relating to "Reliability"**</u>

Plaintiffs are generally entitled to discovery on the reliability of the information conveyed by the informant to the affiant. However, the scope of this discovery should be limited to determining the basis for Purkiss' belief in the reliability without delving into the informant's identity. Here, Plaintiffs are seeking to compel Purkiss to respond to some questions that do not directly ask for disclosure of the informant's identity. However, Defendants have asserted that the information sought by Plaintiffs can lead to the disclosure of the informer's identity. As such, they invoke the privilege.

Plaintiffs fail to address how the requested information may not lead to disclosure of the informer's identity. A review of the selected transcript of the Purkiss deposition indicates to this Court that Defendants are correct. (Plts.' Mem., Ex. C-D). How Purkiss met the informant, the relationship between Levarus Grayer and the informant, and why the informant went to 3340 W. Douglas, 2nd Floor could all lead to the disclosure of the informant's identity. The informer's privilege covers the identity of the informant as well as the substance of the communications with law enforcement, if those communications would reveal the informer's identity. *Roviaro*, 353 U.S. at 59-60. This Court, determines that the Plaintiffs have not been able to show a "credible need for the information . . . a need greater than the important policy consideration underlying the privilege." *Dole*, 870 F.2d at 373.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Compel Defendant Purkiss to Answer

Certain Deposition Questions and to Take the Deposition of the Magistrate [Doc. No. 75] is

DENIED.

**SO ORDERED.**                    **ENTERED:**

**Dated**    **May 24, 2007**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**